FILED
Feb 02, 2023
01:37 PM(ET)
TENNESSEE COURT OF
WORKERS' COMPENSATION
CLAIMS



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT KNOXVILLE

| | | |
|---|---|---|
| **EDUARDO DAVID SARAVIA,** | ) | **Docket No. 2021-03-1158** |
| **Employee,** | ) | |
| **v.** | ) | |
| **BRENT VINEYARD**, | ) | |
| **Employer,** | ) | **State File No. 92704-2021** |
| **And** | ) | |
| **NATIONAL SPECIALTY** | ) | |
| **INSURANCE GROUP,** | ) | |
| **Carrier.** | ) | **Judge Lisa A. Lowe** |

---

## COMPENSATION ORDER GRANTING SUMMARY JUDGMENT

---

The Court heard Brent Vineyard's Motion for Summary Judgment on January 24, 2023, on whether Eduardo Saravia was an employee or independent contractor. For the reasons below, the Court holds Mr. Vineyard is entitled to summary judgment.

### *Procedural History*

Mr. Saravia sustained a right ankle injury when he fell from scaffolding on September 29, 2021. Brent Vineyard denied his claim on grounds that Mr. Saravia was an independent contractor, not an employee. After an Expedited Hearing, the Court denied benefits because Mr. Saravia did not present sufficient evidence to show a likelihood of establishing he was an employee. This motion followed.

### *Facts and Parties' Position*

Mr. Saravia did not respond to Mr. Vineyard's Motion for Summary Judgment or Statement of Undisputed Material Facts.

Mr. Vineyard filed a Rule 72 Declaration and the Expedited Hearing transcript in support of his position that Mr. Saravia was an independent contractor. In the declaration, he pointed to testimony from the hearing transcript to state the following:

1

- He did not control Mr. Saravia's work.
- Mr. Saravia hired a crew of workers to help him complete the job.
- Mr. Vineyard did not retain the right to terminate Mr. Saravia.
- He paid Mr. Saravia in a lump sum, and Mr. Saravia determined what to pay his crew.
- Mr. Vineyard did not provide any tools to Mr. Saravia or his crew.
- Mr. Saravia was able to offer his services to others.

In the expedited hearing transcript, Mr. Saravia agreed with all of these statements.

### *Law and Analysis*

Summary Judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Tenn. R. Civ. P. 56.04 (2022).

As the moving party, Mr. Vineyard must do one of two things to prevail: (1) submit affirmative evidence that negates an essential element of Mr. Saravia's claim, or (2) demonstrate that Mr. Saravia's evidence is insufficient to establish an essential element of his claim. *Rye v. Women's Care Ctr. of Memphis*, 477 S.W.3d 235, 264 (Tenn. 2015). If Mr. Vineyard does either, Mr. Saravia must respond by producing specific facts showing a genuine issue for trial. *Id.*; Tenn. R. Civ. P. 56.06.

Here, Mr. Vineyard submitted affirmative evidence that negates an essential element of Mr. Saravia's claim−that an employment relationship existed−and he also demonstrated that Mr. Saravia's evidence is insufficient to establish that element. Because Mr. Vineyard met his burden, Mr. Saravia must "demonstrate the existence of specific facts in the record which could lead a rational trier of fact to find in his favor[.]" *Rye*, at 265. The Court finds he failed to do so.

Specifically, Tennessee Code Annotated section 50-6-102(10)(D)(i) (2022) provides these factors for deciding whether an individual is an employee or independent contractor:

(a)     The right to control the conduct of the work;
(b)     The right of termination;
(c)     The method of payment;
(d)     The freedom to select and hire helpers;
(e)     The furnishing of tools and equipment;
(f)     Self-scheduling of working hours; and
(g)     The freedom to offer services to other entities[.]

When considering those factors, no single aspect is conclusive in determining whether a worker is an employee or independent contractor; rather "the trier of fact must examine all relevant factors and circumstances" of the work relationship. *Smiley v. Four Seasons Coach Leasing, Inc.*, 2016 TN Wrk. Comp. App. Bd. LEXIS 28, at *10-11 (July 15, 2016). However, the Appeals Board emphasized the importance of the right to control the conduct of the work. *Id*.

Applying these legal principles to the undisputed facts, every factor favors a finding that Mr. Saravia was an independent contractor. Mr. Vineyard did not control Mr. Saravia's work or have the right to terminate Mr. Saravia. Mr. Vineyard and Mr. Saravia agreed on a lump sum payment based on square footage, from which, Mr. Saravia would pay his crew. This arrangement is atypical for an employee, who is usually paid hourly, and for his efforts alone. Mr. Saravia hired his own crew, so he was free to select and hire helpers, which an employee is usually not permitted to do. Mr. Vineyard did not provide tools or equipment for Mr. Saravia's use, and Mr. Saravia determined the hours that he and his crew worked on the project. Finally, Mr. Saravia had the ability to offer his services to other entities.

Thus, the undisputed material facts establish Mr. Saravia as an independent contractor, not an employee, and Mr. Vineyard is entitled to summary judgment as a matter of law.

**THEREFORE, IT IS ORDERED** as follows:

1. Brent Vineyard's Motion for Summary Judgment is granted, and Mr. Saravia's claim is dismissed with prejudice.

2. Unless appealed, this order shall become final thirty days after entry.

3. The Court taxes the $150.00 filing fee to Brent Vineyard, payable to the clerk within five days of this order becoming final.

4. Brent Vineyard shall prepare and submit the SD-2 with the clerk within ten-days of the date of judgment.

**ENTERED February 2, 2023.**


_____
**JUDGE LISA A. LOWE**
**Court of Workers' Compensation Claims,**

3

## CERTIFICATE OF SERVICE

I certify that a copy of the Order was sent as indicated on February 2, 2023.

| Name | Mail | Email | Service sent to: |
|------|------|-------|------------------|
| Eduardo David Saravia, Self-Represented Employee | | X | saravia1985orellana@gmail.com |
| Fred Baker, Employer's Attorney | | X | fbaker@wimberlylawson.com |

_____*Penny Shrum*_____
**PENNY SHRUM, Court Clerk**
**WC.CourtClerk@tn.gov**

4



Compensation Order Right to Appeal:

If you disagree with this Compensation Order, you may appeal to the Workers' Compensation Appeals Board. To do so, you must:

1. Complete the enclosed form entitled "Notice of Appeal" and file it with the Clerk of the Court of Workers' Compensation Claims *within thirty calendar days* of the date the Compensation Order was filed. When filing the Notice of Appeal, you must serve a copy upon the opposing party (or attorney, if represented).

2. You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing the Notice of Appeal. Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service. In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the filing fee. You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal. **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of your appeal.**

3. You are responsible for ensuring a complete record is presented on appeal. The Court Clerk will prepare the technical record and exhibits for submission to the Appeals Board, and you will receive notice once it has been submitted. If no court reporter was present at the hearing, you may request from the Court Clerk the audio recording of the hearing for a $25.00 fee. A licensed court reporter must prepare a transcript, and you must file it with the Court Clerk *within fifteen calendar days* of filing the Notice of Appeal. Alternatively, you may file a statement of the evidence prepared jointly by both parties *within fifteen calendar days* of filing the Notice of Appeal. The statement of the evidence must convey a complete and accurate account of the testimony presented at the hearing. The Workers' Compensation Judge must approve the statement of the evidence before the record is submitted to the Appeals Board. If the Appeals Board must review testimony or other proof concerning factual matters, the absence of a transcript or statement of the evidence can be a significant obstacle to meaningful appellate review.

4. After the Workers' Compensation Judge approves the record and the Court Clerk transmits it to the Appeals Board, a docketing notice will be sent to the parties. You have *fifteen calendar days* after the date of that notice to file a brief to the Appeals Board. *See the Rules governing the Workers' Compensation Appeals Board on the Bureau's website*

**If neither party timely files an appeal with the Appeals Board, the trial court's Order will become final by operation of law thirty calendar days after entry. Tenn. Code Ann. § 50-6-239(c)(7).**

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



## NOTICE OF APPEAL
Tennessee Bureau of Workers' Compensation
www.tn.gov/workforce/injuries-at-work/
wc.courtclerk@tn.gov | 1-800-332-2667

Docket No.: _____

State File No.: _____

Date of Injury: _____

_____

**Employee**

v.

_____

**Employer**

Notice is given that _____

*[List name(s) of all appealing party(ies).  Use separate sheet if necessary.]*

appeals the following order(s) of the Tennessee Court of Workers' Compensation Claims to the Workers' Compensation Appeals Board (check one or more applicable boxes and include the date file-stamped on the first page of the order(s) being appealed):

☐ Expedited Hearing Order filed on _____  ☐ Motion Order filed on _____

☐ Compensation Order filed on_____  ☐ Other Order filed on_____

issued by Judge _____.

### Statement of the Issues on Appeal
Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____

_____

_____

_____

### Parties
**Appellant(s) (Requesting Party):** _____ ☐ Employer ☐ Employee

Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellant \**

Employee Name: _____ Docket No.: _____ Date of Inj.: _____

**Appellee(s) (Opposing Party):** _____ ☐ Employer ☐ Employee

Appellee's Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellee \**

## CERTIFICATE OF SERVICE

I, _____, certify that I have forwarded a true and exact copy of this Notice of Appeal by First Class mail, postage prepaid, or in any manner as described in Tennessee Compilation Rules & Regulations, Chapter 0800-02-21, to all parties and/or their attorneys in this case on this the _____ day of _____, 20 ____.

_____
*[Signature of appellant or attorney for appellant]*



**Tennessee Bureau of Workers' Compensation**
**220 French Landing Drive, I-B**
**Nashville, TN 37243-1002**
**800-332-2667**

### AFFIDAVIT OF INDIGENCY

I, _____, having been duly sworn according to law, make oath that because of my poverty, I am unable to bear the costs of this appeal and request that the filing fee to appeal be waived. The following facts support my poverty.

1. Full Name:_____     2. Address: _____

3. Telephone Number: _____     4. Date of Birth: _____

5. Names and Ages of All Dependents:

_____ Relationship: _____

_____ Relationship: _____

_____ Relationship: _____

_____ Relationship: _____

6. I am employed by: _____

   My employer's address is: _____

   My employer's phone number is: _____

7. My present monthly household income, after federal income and social security taxes are deducted, is:

$ _____

8. I receive or expect to receive money from the following sources:

| | | | |
|---|---|---|---|
| AFDC | $ _____ per month | beginning | _____ |
| SSI | $ _____ per month | beginning | _____ |
| Retirement | $ _____ per month | beginning | _____ |
| Disability | $ _____ per month | beginning | _____ |
| Unemployment | $ _____ per month | beginning | _____ |
| Worker's Comp. | $ _____ per month | beginning | _____ |
| Other | $ _____ per month | beginning | _____ |

9. My expenses are:

Rent/House Payment $ _____ per month     Medical/Dental  $ _____ per month

    Groceries       $ _____ per month     Telephone    $ _____ per month

    Electricity      $ _____ per month     School Supplies $ _____ per month

    Water         $ _____ per month     Clothing      $ _____ per month

    Gas           $ _____ per month     Child Care   $ _____ per month

    Transportation  $ _____ per month     Child Support  $ _____ per month

    Car           $_____ per month

    Other        $ _____ per month (describe: _____ )

10. Assets:

    Automobile        $ _____     (FMV) _____

    Checking/Savings Acct. $ _____

    House            $ _____     (FMV) _____

    Other           $ _____     Describe:_____

11. My debts are:

| Amount Owed | To Whom |
|---|---|
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |

**I hereby declare under the penalty of perjury that the foregoing answers are true, correct, and complete and that I am financially unable to pay the costs of this appeal.**

_____
APPELLANT

Sworn and subscribed before me, a notary public, this

_____ day of _____, 20_____.

_____
NOTARY PUBLIC

My Commission Expires:_____

LB-1108 (REV 11/15)                                                        RDA 11082